Robert G. Klein, Esq., State Bar No. 128550
LAW OFFICE OF ROBERT G. KLEIN
8383 Wilshire Blvd., Suite 510
Beverly Hills, California 90211

Telephone: (323) 653-3900
Facsimile: (213) 947-1441

Attorneys for Plaintiff Ambassador Entertainment Inc.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| AMBASSADOR ENTERTAINMENT INC., a California corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>CLEOPATRA RECORDS, INC., a California corporation; GOLDENLANE RECORDS, an entity of unknown form; BRIAN PERERA; an individual; YVONNE PERERA, an individual and DOES 1 through 10 inclusive.<br><br>            Defendants. | CASE NO.<br><br>**COMPLAINT` FOR DAMAGES AND INJUNCTION FOR COPYRIGHT INFRINGEMENT; UNFAIR COMPETITION AND RELATED CLAIMS**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff Ambassador Entertainment Inc. ("Ambassador"), through its attorneys, complain of the above named defendants for willful copyright infringement, unfair competition and related claims as follows:

### GENERAL ALLEGATIONS

1.  Plaintiff Ambassador is a California corporation, with its principal place of business in Los Angeles county in the City of Los Angeles, State of California.

2.  On information and belief defendant Cleopatra Records, Inc. ("Cleopatra") is a California corporation with its principal place of business in Los

1

Angeles, California.

3. On information and belief defendant Goldenlane Records is a division of Cleopatra Records and is an entity of unknown form to Ambassador.

4. On information and belief defendant Brian Perera (sometimes referred to as "B. Perera") is an individual and resident of Los Angeles, California.

5. On information and belief defendant Yvonne Perera (sometimes referred to as "Y. Perera") is an individual and resident of Los Angeles, California.

6. On information and belief defendants Brian Perera and Yvonne Perera are the principals and shareholders of both Cleopatra and Goldenlane and are alter egos of both Cleopatra and Goldenlane.

7. On information and belief defendant B Perera is also an officer and director of Cleopatra.

8. On information and belief defendant Y. Perera is also an officer of Cleopatra.

9. On information and belief:

    a. B. Perera and Y. Perera are the sole shareholders and owners of both Cleopatra and Goldenlane;

    b. B. Perera and Y. Perera failed to properly capitalize both Cleopatra and Goldenlane;

    c. B. Perera and Y. Perera treated the assets of Cleopatra and Goldenlane as their own;

    d. B. Perera and Y. Perera commingled their funds with other assets including assets of both Cleopatra and Goldenlane;

    e. B. Perera and Y. Perera rendered both Cleopatra and Goldenlane insolvent and without any remaining assets;

    f. B. Perera and Y. Perera used both Cleopatra and Goldenlane as a mere shell and conduit for a single venture in order to create a fraud and work a substantial injustice on plaintiff;

  g. B. Perera and Y. Perera failed to follow corporate formalities and failed to make arm's length relationships among these related entities;

  h. B. Perera and Y. Perera directed both Cleopatra and Goldenlane to engage in copyright infringement and acts of unfair competition toward Ambassador; and

  i. There is such a unity of interest and ownership between B. Perera and Y. Perera, Cleopatra and Goldenlane that the individuality, or separateness, of B. Perera and Y. Perera and Cleopatra and Goldenlane has ceased to exist and the facts are such that an adherence to the fiction of the separate existence of these entities would, under the particular circumstances, sanction a fraud or promote injustice;

 10. Ambassador does not know the true names and capacities of defendants DOES 1 through 10, inclusive, and therefore sues them by such fictitious names. Ambassador is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings referred to in this Complaint, and negligently or otherwise unlawfully caused the injuries and damages to Ambassador alleged in this Complaint.

 11. Ambassador is informed and believes and thereon alleges that each of the fictitiously and specifically named defendants herein was the agent, servant, partner, or employee of each of the other defendants herein, and was at all times herein mentioned acting within the course and scope of such agency, authority, and employment and with the permission and consent of each of the other defendants.

## JURISDICTION AND VENUE

 12. This action for copyright infringement arises under the Copyright Act of 1976, 17 U.S.C. §§101 et seq., and for claims arising under Section 43(a) of the Lanham Act as hereinafter more fully appears.

 13. Venue is appropriate under 28 U.S.C. § 1391 and 1400(a).

///

## STATEMENT OF FACTS

14. Albert Spevak ("Spevak") is the sole shareholder of Ambassador.

15. In 1988, Delilah Films, Inc. ("Delilah"), Ambassador's predecessor-in-interest to the subject work of this action "A Reggae Session" (hereafter sometimes referred to as "Subject Work" or as "A Reggae Session"), produced "A Reggae Session," which was a first-class, filmed television concert production which featured the musical performances of numerous, famous Reggae and pop recording and performing artists ("Artists"), including Jimmy Cliff, Carlos Santana, Chrissie Hynde, Grace Jones, the Neville Brothers, Bunny Wailer, Toots Hibbert, and Ziggy Marley.

16. The Subject Work contains material wholly original with plaintiff and its predecessor-in-interest Deliah that is copyrightable subject matter under the laws of the United States.

17. Albert Spevak was a producer of "A Reggae Session".

18. The Artists granted to Delilah the right to exploit the performances of the Artists in "A Reggae Session" in all audiovisual media.

19. "A Reggae Session" was broadcast in the United States on the Cinemax premium television network and was distributed worldwide on home video, including on videocassettes and digital videodiscs (DVDs).

20. In 1988 Delilah filed for copyright registration for "A Reggae Session" in the United States Copyright office as a motion picture.

21. Delilah obtained a copyright registration for "A Reggae Session" on April 7, 1988. A copy of that copyright registration is attached as Exhibit 1.

22. The rights that Delilah obtained from the Artists for the production of "A Reggae Session" did not include the right to offer or sell the audio-only soundtrack of "A Reggae Session" ("Soundtrack") on compact disk (CD) or any other means of audio-only distribution.

23. On August 18, 2009 Delilah assigned the copyright in "A Reggae Session" to plaintiff Ambassador. A copy of that assignment is attached as Exhibit 2.

24. Ambassador is the sole owner of all right, title, and interest in and to the copyright in "A Reggae Session."

25. Neither Delilah nor Ambassador ever authorized any person or entity to offer or sell the audio-only Soundtrack of "A Reggae Session."

26. In April 2017, Spevak learned that defendants had access to and copied the Soundtrack of "A Reggae Session" and that defendants were offering the Soundtrack under the title "Breathing Fire Live in Jamaica" for sale on Amazon.com on a CD and also for download on Amazon.com and for streaming on Amazon Prime.

27. Spevak also learned that defendants were offering the Soundtrack for download on iTunes, streaming on Apple Music, streaming on Tidal, streaming on Spotify, streaming on Pandora, and streaming on YouTube. Copies of the web sites and apps showing the above-referenced offerings are attached as Exhibits 3 through 9.

28. Defendants' copying of the Soundtrack of the Subject Work was without the knowledge or consent of Ambassador and violated Ambassador's exclusive rights under copyright in the Subject Work.

29. Ambassador is informed and believes, and on that basis alleges, that Defendants and each of them, knowingly and willfully directly copied the Soundtrack of the Subject Work for the specific purpose of infringing Ambassador's copyrights and selling illegal and unauthorized copies of the Soundtrack of the Subject Work.

30. Ambassador lacks sufficient information when the Defendants have been reproducing, distributing, promoting and offering for sale illegal and unauthorized copies of the Subject Work and will require an accounting from the Defendants.

31. Ambassador is informed and believes, and on that basis alleges, that the Defendants are attempting to pass its products off as if they are Ambassador's products in a manner calculated to deceive Ambassador's customers and members of the general public.

32. The natural, probable and foreseeable result of Defendant's wrongful conduct has been and will continue to be to deprive Ambassador of the benefits of

selling the Subject Work, to deprive Ambassador of goodwill, and to injure Ambassador's relations with present and prospective customers.

33. Ambassador is informed and believes, and on that basis alleges, that it has lost and will continue to lose substantial revenues from the sale of the Subject Work and will sustain damage as a result of Defendants' wrongful conduct and Defendants' production and sale of these infringing products. Defendants' wrongful conduct has also deprived and will continue to deprive Ambassador of opportunities for expanding its goodwill with recording and performing artists and generally in the entertainment industry.

34. Ambassador is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendants intend to continue its course of conduct and to wrongfully use, infringe upon, sell and otherwise profit from Ambassador's Subject Work and works derived from it. As a direct and proximate result of the acts of Defendants alleged above, Ambassador has already suffered irreparable damage and has sustained lost profits. Ambassador has no adequate remedy at law to redress all of the injuries that Defendants have caused and intends to cause by its conduct. Ambassador will continue to suffer irreparable damage and sustain lost profits until Defendants' actions alleged above are enjoined by this Court.

35. Ambassador is informed and believes the interval between the offering for sale on these different web sites and apps was substantially longer than a few days where each offering for sale gives rise to a separate claim for minium damages.

36. Ambassador is informed and believes that each offering of the Soundtrack via each distribution means and platforms set forth in paragraphs 26 and 27, above, was a separate and distinct infringement, constituting nine (9) separate acts of infringement.

///

///

///

## FIRST CLAIM FOR RELIEF

## For Copyright Infringement

## (17 U.S.C. §101 et. seq.)

## (Against All Defendants)

37. Ambassador realleges each and every allegation set forth in paragraphs 1 through 36, inclusive, and incorporates them herein by this reference.

38. By its actions alleged above, Defendants have engaged in the following copyright infringements:

    a. by copying the Soundtrack of "A Reggae Session" and offering the Soundtrack for sale on CD under the title "Breathing Fire Live in Jamaica" on Amazon.com;

    b. by copying the Soundtrack of "A Reggae Session" and offering the Soundtrack for download on Amazon.com;

    c. by copying the Soundtrack of "A Reggae Session" and offering the Soundtrack for streaming on Amazon Prime;

    d. by copying the Soundtrack of "A Reggae Session" and offering the Soundtrack for download on iTunes;

    e. by copying the Soundtrack of "A Reggae Session" and offering the Soundtrack for streaming on Apple Music;

    f. by copying the Soundtrack of "A Reggae Session" and offering the Soundtrack for streaming on Tidal;

    g. by copying the Soundtrack of "A Reggae Session" and offering the Soundtrack for streaming on Spotify;

    h. by copying the Soundtrack of "A Reggae Session" and offering the Soundtrack for and streaming on Pandora; and

    i. by copying the Soundtrack of "A Reggae Session" and offering the Soundtrack for and streaming on YouTube.

39. By its actions alleged above, Defendants have infringed and will continue

to infringe Ambassador's copyright in and relating to the Subject Work by producing, distributing, and placing upon the market products which are direct copies of the Soundtrack of Ambassador's copyrighted Subject Work.

40. Ambassador is entitled to an injunction restraining Defendants, its officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

41. Ambassador is further entitled to recover from Defendants the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above. Ambassador is also entitled to receive statutory damages for each act of a willful infringement.

42. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Ambassador without an accounting but are believed to exceed $1,000,000.00.

## SECOND CLAIM FOR RELIEF

### For an Accounting

### (Against All Defendants)

43. Ambassador incorporates herein the allegations of paragraphs 1 through 36 and 38 through 42 of this Complaint.

44. This Court has jurisdiction over this Count under the doctrine of pendent jurisdiction.

45. Defendants have released and sold to the public the Soundtrack of the Subject Work on CD, downloads, and streaming from a date unknown to Ambassador.

46. As a result of such sales and licensing, on information and belief Defendants have received substantial sums of money the exact amount of which is at this time unknown, but is believed to exceed $ 1,000,000.

47. The exact amount of money received by Defendants is unknown to Ambassador and can only be determined by an accounting.

48. Ambassador is informed and believe and on that basis allege that the profits realized to date from the Works are in excess of $1,000,000, and that Ambassador's share of such profits shall be proven at the time of trial.

49. By this action Ambassador demands an accounting by Defendants of all amounts received as a result of the exploitation of the Subject Works, including, without limitation, sales of sound recordings, licensing revenues, revenues received from streaming the Subject Work and all revenues received from any source from the infringement.

50. Until ordered by this court, on information and belief Defendants will fail and refuse, and continue to fail and refuse, to render such an accounting or to pay Ambassador the sums due.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF LANHAM ACT 43(a)
## FALSE DESIGNATION OF ORIGIN
### (Against All Defendants)

51. Ambassador incorporates herein the allegations of paragraphs 1 through 36, 38 through 42 and 44 through 50 of this Complaint.

52. This Court has jurisdiction over this Count pursuant to 15 U.S.C. § 1121.

53. By falsely identifying Cleopatra Records and/or Goldenlane Records as the authors and/or producers and falsely claiming that "Breathing Fire Live in Jamaica" was an original work of Defendants, the Defendants have falsely designated the origin of their goods and services in violation of Lanham Act§ 43(a), 15 U.S.C. § 1125(a).

## FOURTH CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER CALIFORNIA LAW
### (Against All Defendants

54. Ambassador incorporates herein the allegations of paragraphs 1 through 36, 38 through 42, 44 through 50, and 52 through 53 of this Complaint.

55. This Court has jurisdiction over this Count pursuant to 28 U.S.C. §1

338(b) and the doctrine of pendent jurisdiction.

56. Defendants' conduct constitutes unfair competition under California law.

57. In connection with the matters and things alleged herein, Defendants have been guilty of oppression, fraud and malice and plaintiffs are therefore entitled to exemplary damages in an amount to be proved at trial.

**WHEREFORE** Plaintiff prays for judgment as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. That the Court find that Defendants have infringed Ambassador's copyrights in the Subject Work.

2. That the Court find a substantial likelihood that Defendants will continue to infringe Ambassador's copyrights in the Subject Work unless enjoined from doing so.

3. That Defendants, its directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Ambassador's copyrights in the Subject Work or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Work or to participate or assist in any such activity.

4. That Defendants, its directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to return to Ambassador any and all originals, copies, facsimiles, or duplicates of the Subject Work in their possession, custody or control.

5. That Defendants, its directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers, and distributors, and all others known to Defendants, any originals, copies, facsimiles, or duplicates of any works shown by the evidence to infringe any copyright in the Subject Work.

6.     That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in the Subject Work.

7.     That Defendants be required to file with the Court and to serve on Ambassador, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants has complied with the Court's order.

8.     That judgment be entered for Ambassador and against Defendants for Ambassador's actual damages according to proof, and for any profits attributable to infringements of Ambassador's copyrights, in accordance with proof in an amount of at least $1,000,000.00.

9.     That judgment be entered for Ambassador and against Defendants for statutory damages based upon Defendants' acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq at the maximum amount permitted by statute.

10.    That Defendants be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law.

11.    That all gains, profits and advantages derived by Defendants from its acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Ambassador.

**ON THE SECOND CLAIM FOR RELIEF**

12.    For an accounting between Ambassador and Defendants.

13.    For payment to Ambassador of the amounts due from Defendants.

14.    That Defendants pay to Ambassadors their costs of suit incurred herein, including reasonable attorneys' fees.

15.    That Ambassadors have such other and further relief as the Court deems just and proper.

## ON THE THIRD CLAIM FOR RELIEF

16. That Defendants, their officers, agents and servants and all persons acting in concert with them be enjoined preliminarily during the pendency of this action and permanently thereafter from falsely designating the origin of the Works.

17. That Defendants pay to Ambassador the damages sustained by Ambassador in consequence of Defendants' conduct in an amount of at least $1,000,000.

18. That Defendants pay to Ambassador treble damages for their intentional and willful false designation of the origin of the Works.

19. That Defendants pay to Ambassador their costs of suit incurred herein, including reasonable attorneys' fees.

20. That Ambassador have such other and further relief as the Court deems just and proper.

## ON THE FOURTH CLAIM FOR RELIEF:

21. That Defendants pay to Ambassador general damages in an amount to be proven.

22. That Defendants pay to Ambassador punitive damages for their intentional and willful conduct.

23. That Defendants pay to Ambassador their costs of suit incurred herein, including reasonable attorneys' fees.

24. That Ambassadors have such other and further relief as the Court deems just and proper.

///
///
///
///

Dated: October 11, 2017

                    LAW OFFICE OF ROBERT G. KLEIN

                    By: /s/ Robert G. Klein
                    Robert G. Klein
                    Attorneys for Ambassador
                    Entertainment, Inc.

LAW OFFICE OF ROBERT G. KLEIN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CALIFORNIA 90211
TELEPHONE (323) 653-3900

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff demands a jury trial on any and all issues triable by jury as declared by the Seventh Amendment to the Constitution.

Dated: October 11, 2017

LAW OFFICE OF ROBERT G. KLEIN

By: /s/ Robert G. Klein
Robert G. Klein, Esq
Attorneys for Plaintiff Ambassador Entertainment Inc.